IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,

Plaintiff,                                          Criminal No. 08-0215
                                                    **ELECTRONICALLY FILED**
v.

MELISSA A. HUET,

Defendant.

**Memorandum Order re: Motions in Limine (doc. nos. 174, 175, 176, 177, 178, 179 and 180)**


I.      **Introduction**

        Pending before this Court are numerous motions in limine filed by defendant Melissa A.

Huet (hereinafter "Huet" or "defendant Huet").  Defendant has been charged only in Count

Three (3) of a Three-Count Indictment with aiding and abetting possession of a firearm by a

convicted felon, from on or about August 10, 2007, to on or about January 11, 2008, in violation

of Title 18, United States Code, Sections 922(g)(1) and 2(a).

        Huet's co-defendant and paramour, Marvin E. Hall (hereinafter "Hall" or "defendant

Hall"), was charged at Count One of the Indictment, with possession of a firearm by a convicted

felon on or about January 11, 2008, in violation of Title 18, United States Code, Section

922(g)(1).  Count Two charged Hall with transfer of unregistered firearms, on or about January

11, 2009, in violation of Title 26, United States Code, Section 5861(e).  On February 1, 2010,

defendant Hall pled guilty to only Count One of the Indictment, and on June 25, 2010, Hall was

sentenced by this Court to time served.[1]  Defendant Hall already had served twenty four (24) months imprisonment in pretrial detention, and actually served more time than was called for under the advisory sentencing guideline range of fifteen (15) to twenty-one (21) months imprisonment.  See *United States v. Vue*, 09-cr-48, doc. no. 120.

Defendant Huet then moved to dismiss Count Three of the Indictment pursuant to Fed.R.Crim.P. 12(b)(3)(B) on the basis that: (1) it fails to state an offense under the aiding and abetting statute, 18 U.S.C. § 2, and/or (2) if it does state an offense under section 2, on the grounds that said offense violates the Second Amendment to the United States Constitution, as it has been construed in *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783 (2008).  On November 22, 2010, this Court, by Memorandum Opinion and Order, dismissed the Indictment against Huet.  The prosecution filed a timely appeal, and on January 5, 2012, this Court received the mandate reversing and remanding the Order of this Court.  Doc. Nos. 151-152.  Then, on March 30, 2012, the Mandate was recalled by the United States Court of Appeals for the Third Circuit (doc. no. 153) because Huet sought a writ of certiorari before the United States Supreme Court.  After the Supreme Court denied certiorari, on November 14, 2012, the United States Court of Appeals for the Third Circuit reissued the mandate.

The Court of Appeals held that Count Three of the Indictment was sufficient to state an offense for aiding and abetting a felon in possession under 18 U.S.C. § 922(g)(1) and § 2; and that Count Three did not violate the Second Amendment.  Doc. No. 154.

The Court then reopened the case and scheduled a status conference for December 11, 2012, which continued until December 14, 2012.  Doc. No. 155-156.  After discussions about the trial date, on December 17, 2012, the Court issued a Pretrial Order setting the trial of this matter

---

[1] The government moved to dismiss Count Two, and the Court granted that motion.  Doc. No. 133.

for March 4, 2013.  Doc. No. 159.

### A.  <u>Background Factual Information</u>

### <u>Investigation of Defendant Huet</u>

Defendant Huet is 38 years old, has never been convicted of any crime, and is not disabled or otherwise prohibited from possessing a firearm under 18 U.S.C. § 922(g)(1), or its Pennsylvania counterpart, 18 Pa.C.S.A. § 6105.

Count Three (3) of the Indictment charges Huet with aiding and abetting the possession by her paramour, defendant Hall, of a firearm identified as an SKS rifle,[2] from August 10, 2007, to January 18, 2008.  During discovery, materials provided to defendant pursuant to Fed. R. Crim. P. 16 describe the rifle as an Interordnance M59/66 Rifle, Serial Number F151932 (hereinafter referred to as "the SKS rifle"), which the parties have agreed not to reference it as an "assault" rifle.  Defendant Hall's guilty plea and sentencing at Count One of the Indictment confirm that he had convicted of a crime punishable by imprisonment for a term exceeding one year.

The genesis of the investigation by federal agents claims that they worked undercover "to penetrate a cell of militia extremists," and during their investigation, they met defendants Hall and Huet, while the agents pretended to have an interest in the activities of Morgan Jones, of Lucinda, Clarion County, including Jones' collection of guns and his hosting of an annual "flame-throwing" party in 2005.[3]  See *United States v. Hall*, Doc. No. 44, Detention Hearing

---

[2]The Indictment had originally referred to the SKS rifle as an "assault rifle," but in its "Omnibus Brief and Responses to Pre-Trial Motions of Defendant," the government stated that it has "no objection to referring to the rifle merely as an SKS rifle, as the 'assault' designation has no bearing whatsoever on either the elements of the offense or the penalties Ms. Huet faces upon conviction."  Doc. No. 134, at 14.

[3]According to testimony at the detention hearing of Hall, FBI Special Agent Yocca testified that according to "some of the defendants in this case" (although Huet is not mentioned), a flame-throwing party is one that certain militia members, as well as neighbors and other Pennsylvania gun owners attend, and it is held at Jones' property.  Doc.

Transcript, June 11, 2008, p. 13-14.

Under authority of a search warrant, federal agents seized the SKS rifle from an upstairs bedroom at the Hall/Huet home at Lawsonham Road in Clarion County, during a raid conducted on June 6, 2008. The raid occurred approximately nine (9) months to a year after the agent first met the couple, and nearly five (5) months from the end date of defendant Huet's "aiding and abetting" possession by a convicted felon charge pleaded in the Indictment. Doc. No. 120-1.

Currently pending before this Court are numerous motions in limine filed by defendant, and the government's (omnibus) response thereto. Each motion will be addressed *seriatim*.

### B. **Motions in Limine**

### **Doc. No. 174**

As to defendant's motion in limine to direct parties and witnesses not to refer to the firearm as a "weapon," an "assault rifle" or "assault weapon," (doc. no. 174), and the government's response thereto (doc. no. 186), it is hereby Ordered that the term "assault" as set forth in the Indictment need only be stricken if the Indictment is introduced to the jury. Although the Indictment does not appear as an exhibit as set forth by the parties, this portion of the motion is GRANTED. As to the other portion of the motion, the Court hereby orders and directs the parties and the witnesses to refer to the subject rifle at all times as the "SKS rifle," or "the rifle." Defendant's motion, therefore, is GRANTED.

### **Doc. No. 175**

As to defendant's motion to exclude evidence of co-defendant's guilty plea (doc. no. 175), and the government's response thereto (doc. no. 186), indicating it does not intend to introduce the evidence of Mr. Hall's guilty plea, said motion is GRANTED, and the evidence of

---

No. 44 at 25-26. The government has not alleged that Huet took part in any of these alleged activities.

the guilty plea of Marvin Hall is excluded from the trial of Huet. *See United States v. Thomas*, 998 F.2d 1202 (3d Cir. 1999).

**Doc. No. 176**

As to defendant's motion in limine to exclude extrajudicial statements (doc. no. 176), and the government's response thereto (doc. no. 186), said motion is GRANTED, and statements made out of court by Marvin Hall on August 10, 2007, January 10, 2008, and January 11, 2008, are excluded from the trial of Huet, as inadmissible hearsay that are not covered by any exception to the hearsay rule under Fed. R. Evid. 801. The government shall replace the applicable exhibits (government exhibits 3, 3A, 4 and 4A) with redacted exhibits immediately following the pretrial conference on February 19, 2013.

**Doc. No. 177**

As to defendant's motion in limine to exclude evidence of an investigation into militia activity (doc. no. 177), and the government's response thereto (doc. no. 186) indicating that it does not oppose said motion, the motion is GRANTED. Therefore, the parties are directed to refrain from proffering evidence concerning militia activity, investigation into such activity, or use of the term "militia" before the jury in the trial of the above-captioned matter.

**Doc. No. 178**

As to defendant's motion to exclude evidence seized in connection with related searches on June 8, 2008, at the Rimersburg residence or at a storage facility in Strattanville, PA (doc. no. 178), and the government's response thereto (doc. no. 186) indicating that it does not plan to utilize any of the evidence seized (with the exception of the "firearms"), the motion is

GRANTED.[4]

**Doc. No. 179**

As to defendant's motion seeking judicial notice or admissions of information concerning the SKS rifle alleged in the Indictment (doc. no. 179), and the government's response thereto (doc. no. 186), said motion (although not technically a motion in limine) will be held in abeyance at this time. While the government "wholly" and "vigorously objects" to the introduction of judicially noticed evidence establishing that the SKS rifle is not an automatic weapon or an assault weapon, the Court also notes that the parties appear to agree *not* to reference it as such before the jury (as set forth in response to doc. no. 174 at doc. no. 186). Therefore, the Court encourages the parties to reach a stipulation which may be given to the jury agreeing that the subject SKS rifle is not an automatic or assault weapon, thereby avoiding any potential prejudicial impact of recent events. The parties shall file such stipulation, or if unable to agree, dueling jury instructions, thereon by February 19, 2013, and shall be prepared to discuss this issue at the pretrial conference on February 19, 2013.

---

4 As to defendant's (corresponding) objections to government exhibit numbers 2 and 6 based upon relevance, said objections are SUSTAINED. The government shall remove exhibit numbers 2 and 6 from the exhibit list, but shall not renumber the remaining exhibits.

**Doc. No. 180**

As to defendant's final motion seeking to introduce statements made by government counsel concerning the SKS rifle at issue in the Indictment (doc. no. 180), and the government's response thereto (doc. no. 186), said motion (although not technically a motion in limine) is GRANTED. *See U.S. v. Kattar*, 840 F.2d 126, 130-31 (1st Cir. 1988) (statements of "agents" of the government are admissible under Fed. R. Evid. 801(d)(2)(B) and (D)).[5]


s/Arthur Schwab
ARTHUR J. SCHWAB
UNITED STATES DISTRICT JUDGE

cc:    All Registered ECF Counsel and Parties

---

5 As to the government's (corresponding) objections to defense exhibit A and B based upon relevance and hearsay, said objections are OVERRULED.