IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,                                   Criminal No. 08-215-2
                                                **ELECTRONICALLY FILED**

    v.

MELISSA A. HUET,

        Defendant.

## Memorandum Order re: Defendant Huet's Motion in Limine (doc. no. 202)

### I. Introduction

Currently pending before the Court is Defendant Melissa Huet's ("Defendant's" or "Defendant Huet's") Motion in Limine to Exclude Evidence of a Stevens Shotgun. Doc. No. 202. The Government has filed a Response in opposition. Doc. No. 207. On February 14, 2013, the Government filed a supplemental notice of intent to use evidence pursuant to Federal Rule of Evidence 404(b). Doc. No. 197. In particular, the Government stated that it intended to introduce evidence regarding a Stevens Shotgun that Co-Defendant Melvin Hall ("Defendant Hall") was charged with possessing in Count I of the indictment. Defendant Huet filed the instant motion in response to that notice.

This Court provided a detailed procedural and factual history of the case in its prior Memorandum Order re: Motions in Limine. Doc. No. 200, 1-4. Relevant to the instant Motion, the Court ruled that the evidence seized in connection with related searches on June 8, 2008, at the Rimersburg residence or at a storage facility in Strattanville, PA could not be admitted into evidence. *Id*. at 5-6. The Court likewise sustained Defendant Huet's objections to Government

Exhibits 2 and 6. *Id*. at 6 n.4. For the reasons set forth herein, Defendant Huet's Motion in Limine to Exclude Evidence of a Stevens Shotgun (doc. no. 202) will also be GRANTED.

## II. Legal Standard

Federal Rule of Evidence 404(b) provides that:

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

> (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
>
> (B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

The United States Supreme Court has articulated a four-part test to determine if evidence is admissible under Rule 404(b). *Huddleston v. United States*, 485 U.S. 681, 690-91 (1988). The United States Court of Appeals for the Third Circuit has summarized the test as follow: "(1) the evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted." *United States v. Givan*, 320 F.3d 452, 460 (3d Cir. 2003) (citations omitted).

## III. Discussion

The Government must first show that the purpose for which it seeks admission of the Stevens Shotgun under Rule 404(b) is proper. The Government states that it seeks to offer the Defendant Hall's possession of the Stevens shotgun to prove her knowledge and intent. Doc. No. 207, 5. This is an acceptable purpose under Rule 404(b). *United States v. Shavers*, 693 F.3d

2

363, 391 (3d Cir. 2012). Thus, the first prong of the *Huddleston* test is satisfied. Next, the Government must show that the evidence is relevant. The Government argues that the evidence is relevant because "[o]ne of the central issues in this case is whether defendant Melissa Huet knew that Marvin Hall, a convicted felon, was in possession of firearms, in this case, both the SKS rifle and the Stevens shotgun." Doc. No. 207, 2.

However, this is simply not the case. The grand jury chose not to indict Defendant Huet for aiding and abetting Defendant Hall's possession of the Stevens shotgun. Instead, the grand jury chose only to indict Defendant Hall for aiding and abetting Defendant Hall's possession of the Stevens shotgun. Thus, the central issues in this case as to Defendant Huet all revolve around the SKS rifle only. Thus, the Government fails to satisfy the second prong of the *Huddleston* test.

The Government has also failed to prove that the probative value of the Stevens shotgun evidence outweighs the potential for unfair prejudice. If the Court permitted such evidence to be admitted, it would allow the Government to try Defendant Huet for aiding and abetting the possession of the Stevens shotgun even though she was only charged with aiding and abetting the possession of the SKS rifle. The Government's argument that a jury would be able to differentiate between the two firearms is unpersuasive. Although the jury may be able to differentiate between the two firearms, there is a substantial probability that Defendant Huet would be prejudiced by the introduction of the Stevens shotgun evidence. Thus, the Government also fails to satisfy the third prong of the *Huddleston* test. The fourth prong is only relevant if the Government has satisfied the first three prongs.

Accordingly, the evidence regarding the Stevens shotgun is not admissible under Rule 404(b).

**IV. Order**

AND NOW, this 22nd day of February, 2013, IT IS HEREBY ORDERED that Defendant Huet's Motion in Limine to Exclude Evidence of a Stevens Shotgun (doc. no. 202) is GRANTED. The Government is precluded from introducing any testimony or evidence relating to the Stevens shotgun.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Counsel of Record